FILED

2013 OCT 23 PM 12: 36

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
CARLO F. VAN DEN BOSCH, Cal. Bar No. 185207
cvandenbosch@sheppardmullin.com
GAZAL POUR-MOEZZI, Cal. Bar No. 285932
gpour-moezzi@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Plaintiff
HANS DRAKE INTERNATIONAL CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| HANS DRAKE INTERNATIONAL CORPORATION, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>INTEK ADVANCED BODY SOLUTIONS, a California entity, BAHER ABDELGAWAD, an individual, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. **SACV13 - 01659 ABC (DFMx)**<br><br>**COMPLAINT FOR:**<br><br>1. **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];**<br><br>2. **TRADEMARK INFRINGEMENT [California Common Law];**<br><br>3. **UNFAIR COMPETITION [Cal. Bus. & Prof. Code §§ 17200 *et seq.*];**<br><br>4. **UNFAIR COMPETITION [California Common Law]; and**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Hans Drake International Corp. ("Hans Drake"), for its Complaint against defendants Intek Advanced Body Solutions ("Intek"), Baher Abdelgawad ("Abdelgawad"), and Does 1-10 (collectively "Defendants") alleges as follows:

-1-

SMRH:410544741.1

COMPLAINT

## THE PARTIES

1. Plaintiff Hans Drake is a California corporation having its principal place of business at 17742 Mitchell, Suite B, Irvine, California 92614.

2. Upon information and belief, defendant Intek is a California entity having its principal place of business at 15556 Dupont Avenue, Chino, California 91710.

3. Upon information and belief, defendant Abdelgawad is an individual with offices at 15556 Dupont Avenue, Chino, California 91710. Upon information and belief, Abdelgawad is the principal operator of Intek and personally makes decisions regarding, participates in, directs, exercises control over, and benefits from Intek's infringing activities as alleged herein.

4. Hans Drake is unaware at this time of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by these fictitious names. Hans Drake will seek leave of the Court to amend this Complaint to allege their true names and capacities when the same have been ascertained or at the time of trial.

5. Hans Drake is informed and believes and upon that basis alleges that at all times herein mentioned, each of the Defendants was the agent, servant, or employee of each of the other Defendants, and in doing the things hereinafter alleged, was acting in the course and scope of such agency, service and employment, and with the permission and consent of his, her or its co-Defendants.

## NATURE AND STATUTORY BASIS OF THE ACTION

6. This action seeks remedy for unfair competition and false designation of origin under the federal Lanham Act, 15 U.S.C. section 1125(a) (First Claim for Relief); trademark infringement under California common law (Second Claim for Relief); unfair competition under California Business and Professions Code sections 17200 *et seq.* (Third Claim for Relief); and unfair competition under California common law (Fourth Claim for Relief).

## JURISDICTION AND VENUE

7. This Course has personal jurisdiction over Defendants because, upon information and belief: (i) Defendants do business and/or actively solicit business in California; (ii) Defendants have continuous and ongoing business contacts with residents of California; (iii) Defendants have intentionally engaged in acts targeted at California that have caused harm within California; and/or (iv) Defendants have purposely availed themselves of the privilege of conducting business in California.

8. This Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 as part of this action is based on the federal Lanham Act. This Court has supplemental jurisdiction over Hans Drake's California statutory and common law claims pursuant to 28 U.S.C. § 1367(a) in that the state and common law claims alleged herein are based on the same operative facts, and the Court's exercise of jurisdiction over the pendent state law claims will promote judicial economy, convenience, and fairness to the parties.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that, upon information and belief, Defendants reside and/or regularly conduct business in this district.

## FACTUAL BACKGROUND

**A.   Plaintiff's Business and Valuable Intellectual Property**

10. Hans Drake is a leading developer and retailer of fitness workout products, including scientifically-backed, innovative and effective dietary supplements.

11. Among other successful product lines, Hans Drake developed and sells a thermogenic fat-burning dietary supplement under the name **DFINE 8** (the "Mark"). Hans Drake has extensively used the **DFINE 8** mark in commerce since at least as early as January 31, 2007 in connection with its dietary supplements.

12. As a company that depends upon both the quality of its products and the reliability of its brand, Hans Drake has spent substantial sums securing and protecting its intellectual property interests.

13. On April 26, 2013, Hans Drake filed a trademark application Serial No. 85/916,505 for the **DFINE 8** mark, covering "dietary and nutritional supplements" in International Class 5.

14. Hans Drake has also extensively advertised and promoted the **DFINE 8** mark since at least as early as January 31, 2007. For example, Hans Drake prominently displays the Mark, and provides information about the company's **DFINE 8**-branded dietary supplements on its website at *www.musclewerks.com*.

15. Over the years, Hans Drake has expended substantial amounts of time, effort and money to ensure that the consuming public associates the **DFINE 8** mark with its dietary supplement products. As a result of this time, effort and money invested, Hans Drake and the **DFINE 8** mark have achieved a reputation for excellence in the dietary and nutritional supplement market. Hans Drake enjoys substantial demand and goodwill for its goods marketed under the **DFINE 8** mark. Accordingly, the Mark is a significant asset of Hans Drake's business.

16. The **DFINE 8** mark is strong and distinctive when used in connection with Hans Drake's dietary and nutritional supplements.

17. By virtue of the extensive scope of consumer sales made under the **DFINE 8** mark, and the substantial sums spent to promote the Mark, the Mark has also acquired secondary meaning in the minds of the relevant purchasing public.

18. The **DFINE 8** mark uniquely distinguishes goods originating from Hans Drake from those offered by others. Hans Drake has built up incalculable goodwill and value in the **DFINE 8** mark.

## B. Defendants' Business and Unlawful Conduct

19. Upon information and belief, defendant Intek is a retailer and distributor of fitness enhancement products that sells various dietary products, including a thermogenic fat-burning dietary supplement.

20. Upon information and belief, Intek is a competitor of Hans Drake and offers similar dietary and nutritional supplements, and specifically, a thermogenic fat-burning supplement, under a trademark confusingly similar to Hans Drake's mark, namely, **DEFINE** (the "Infringing Mark").

21. Upon information and belief, Intek began using the Infringing Mark in connection with dietary supplements, and specifically, a thermogenic fat-burning supplement, after Hans Drake's first use of the Mark for similar dietary products.

22. Upon information and belief, Intek advertises its dietary supplements through a variety of marketing channels that overlap with Hans Drake's marketing channels, including without limitation on the Internet.

23. Upon information and belief, Intek is using the Infringing Mark with the intent to ride the coattails of Hans Drake's well-known **DFINE 8** mark.

24. On September 17, 2013, Hans Drake, through its counsel, sent a letter to Mr. Baher Abdelgawad, principal of Intek, informing him of the infringement and demanding that Intek cease and desist use of the Infringing Mark, including to cease and desist from manufacturing and/or selling dietary supplements bearing the Infringing Mark. A true and correct copy of Hans Drake's September 17, 2013 correspondence is attached as **Exhibit A**.

25. On or about September 20, 2013, Intek's counsel contacted counsel for Hans Drake and requested an extension of time to respond to Hans Drake's letter. Hans Drake's counsel granted Intek an extension to respond to its demands through October 4, 2013.

26. Intek failed to provide a substantive response to, or to otherwise comply with the terms of Hans Drake's cease and desist letter by the extension date.

27. Upon information and belief, Intek continues to use the Infringing Mark, including without limitation by making, having made, selling, offering to sell, and/or distributing dietary supplements bearing the Infringing Mark.

28. Upon information and belief, as a result of Intek's use of a highly similar mark for competing dietary supplements, consumers who encounter Intek's products are likely to be confused as to their source, or as to their connection or affiliation with Hans Drake and its dietary supplements offered under the **DFINE 8** mark.

## FIRST CLAIM FOR RELIEF

**Unfair Competition and False Designation of Origin Against All Defendants**

**[Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)]**

29. Hans Drake realleges and incorporates by reference the allegations set forth in paragraphs 1 through 28, *supra*, as though fully set forth herein.

30. Defendants' wrongful use of the Infringing Mark in connection with their dietary supplements is likely to cause confusion, mistake and deception as to the affiliation, connection, and association of Defendants with Hans Drake and/or as to the origin, sponsorship and approval of Defendants' dietary supplement goods.

31. Defendants use the Infringing Mark in connection with commercial advertising and/or promotion of Defendants' dietary supplements, including without limitation via Defendants' website located at *www.inteknutrition.com*. Such use of the Infringing Mark is likely to cause confusion, mistake and deception as to the nature, characteristics, and quality of Defendants' goods.

SMRH:410544741.1

COMPLAINT

32. Defendants' acts have caused, and, unless restrained by this Court, will continue to cause Hans Drake and the public to suffer great and irreparable damage and injury through, *inter alia,* (a) likelihood of confusion, mistake and deception among the relevant purchasing public and trade as to the source of Defendants' goods; and (b) the loss of Hans Drake's valuable goodwill and business reputation symbolized by the **DFINE 8** mark.

33. Hans Drake is entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein. Hans Drake is further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result of such wrongful conduct. Hans Drake at present is unable to ascertain the full extent of its damages, or the extent of the gains, profits and advantages that Defendants have obtained by reason of the wrongful conduct alleged herein.

34. Hans Drake has no adequate remedy at law. Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of the **DEFINE** mark in commerce, Hans Drake will continue to suffer irreparable harm. Pursuant to 15 U.S.C. § 1116, Hans Drake is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts of infringement in violation of the Lanham Act.

35. Defendants' wrongful use of the Infringing Mark was and continues to be deliberate, willful, and fraudulent and thus, constitutes a knowing use of a mark confusingly similar to the **DFINE 8** mark. Hans Drake is therefore entitled to recover its actual damages, enhanced damages, its attorneys' fees and costs incurred in this action, and prejudgment interest.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement Against All Defendants

### [California Common Law]

36. Hans Drake realleges and incorporates by reference the allegations set forth in paragraphs 1 through 35, *supra*, as though fully set forth herein.

37. Defendants' actions alleged herein constitute infringement of Hans Drake's common law rights to the **DFINE 8** trademark.

38. Hans Drake has been and will continue to be irreparably harmed by Defendants' infringing acts and unless Defendants are restrained from continuing their infringing acts, the harm to Hans Drake will increase.

39. Defendants' infringement of Hans Drake's rights is and has been willful.

40. Hans Drake has no adequate remedy at law for Defendants' wrongful acts.

## THIRD CLAIM FOR RELIEF

### Unfair Competition Against All Defendants

### [Cal. Bus. & Prof. Code §§ 17200 *et seq.*]

41. Hans Drake rellages and incorporates by reference the allegations set forth in paragraphs 1 through 40, *supra*, as though fully set forth herein.

42. Upon information and belief, the unlawful conduct of Defendants described herein has had a substantial effect on commerce, and constitutes unlawful, unfair, and fraudulent business practices in violation of Section 17200, *et seq.*, of the California Business and Professions Code.

43. Upon information and belief, Defendants willfully intended to trade on the strength, reputation, and goodwill of the **DFINE 8** trademark, to

mislead the public with wrongful use of the Infringing Mark, and to cause injury to Hans Drake.

44. As a direct and proximate result of Defendants' unlawful acts as described herein, Hans Drake has suffered and will continue to suffer injury to its business, goodwill and property.

45. Hans Drake has no adequate remedy at law. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts described herein, Hans Drake will continue to suffer irreparable harm. Hans Drake is entitled, pursuant to California Business and Professions Code sections 17203 and 17535, to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts of unfair competition in violation of the California Business and Professions Code, as well as to restitution and disgorgement of Defendants' profits.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition Against All Defendants

### [California Common Law]

46. Hans Drake realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45, *supra*, as though fully set forth herein.

47. Defendants' acts as described herein constitute unfair competition in violation of the common law of the state of California.

48. As a direct and proximate result of Defendants' unlawful acts as described herein, Hans Drake has suffered and will continue to suffer injury.

49. Hans Drake has no adequate remedy at law. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts described herein, Hans Drake will continue to suffer irreparable harm.

SMRH:410544741.1 COMPLAINT

50. As a result of Defendants' acts as described herein, Defendants have been unjustly enriched at Hans Drake's expense and Hans Drake has suffered a competitive injury and damages in an amount to be proven at trial.

51. Upon information and belief, Defendants acted with oppression, fraud, malice and willfully intended to trade on the strength, reputation and goodwill of the **DFINE 8** trademark, to mislead the purchasing public, and to cause injury to Hans Drake and thus, Hans Drake is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hans Drake prays for judgment against Defendants as follows:

1. That Defendants be held liable for infringement of the **DFINE 8** trademark in violation of the Lanham Act, 15 U.S.C. § 1125(a) and California common law, and unfair competition in violation of California common law and the California Business & Professions Code §§ 17200 *et seq.*, as alleged herein.

2. That Defendants, and their officers, employees, agents, servants, attorneys, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be preliminarily and thereafter permanently enjoined and restrained, pursuant to the Court's inherent equitable powers and pursuant to 15 U.S.C. § 1116 from:

(a) promoting, providing, or selling any goods under the **DEFINE** trademark or any colorable imitation thereof, or any other phrase, term, or logo that is likely to cause confusion with Hans Drake or its **DFINE 8** mark;

(b) using in commerce, or facilitating the use in commerce of the **DEFINE** trademark or any other phrase, term, mark, trade name, logo or design that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, Hans Drake's customers, or members of the public that goods advertised, provided, sold and/or offered for sale by Defendants originate from Hans Drake, or that such

goods have been sponsored, approved, or licensed by or associated with Hans Drake or are in some way connected or affiliated with Hans Drake;

   (c) engaging in any acts of federal, state or common law trademark infringement, false designation of origin, or unfair competition that would damage or injure Hans Drake; and

   (d) participating or assisting in any of the above activities.

3. That Defendants, pursuant to 15 U.S.C. § 1116(a), be required to file with the Court and to serve on Hans Drake within thirty (30) days after service of an injunction order as requested herein, a report in writing under oath setting forth in detail the manner and form in which they have complied with the Court's order.

4. That an accounting be ordered of all of the profits realized by Defendants, or others acting in concert or participation with them, from Defendants' unauthorized use and infringement of the **DFINE 8** mark.

5. That Defendants be required to account for and pay to Hans Drake all gains, profits, and advantages derived from their acts of infringement and other unlawful conduct, as alleged herein.

6. That all gains, profits, and advantages derived by Defendants from their acts of infringement and other unlawful conduct alleged herein be deemed to be in constructive trust for the benefit of Hans Drake.

7. That judgment be entered against Defendants for Hans Drake's actual damages as a result of Defendants' acts of infringement and other unlawful conduct alleged herein, and for any additional profits attributable to Defendants' wrongful conduct, according to proof.

8. That Defendants' unlawful conduct as alleged herein be deemed a willful violation of Hans Drake's intellectual property rights.

9. That the Court declare this an exceptional case.

10. That Hans Drake's actual damages be trebled pursuant to 15 U.S.C. § 1117(a).

11. That Hans Drake recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

12. That Hans Drake be awarded punitive and exemplary damages pursuant to California common law.

13. That Hans Drake recover the costs of this suit.

14. That Hans Drake be granted pre-judgment and post-judgment interest on the damages caused by Defendants.

15. That Hans Drake be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Hans Drake hereby demands a trial by jury of any and all issues triable of right by a jury.

Dated: October 23, 2013

          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

          By _____
                CARLO F. VAN DEN BOSCH

          Attorneys for Plaintiff
          HANS DRAKE INTERNATIONAL CORPORATION

# Exhibit A

**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
714.513.5100 main
714.513.5130 fax
www.sheppardmullin.com

714.424.8215 direct
cvandenbosch@sheppardmullin.com

File Number: Hans Drake – Misc. IP

September 17, 2013

**VIA FEDEX**

Mr. Baher Abdelgawad
Intek Advanced Body Solutions
15556 Dupont Avenue
Chino, California 91710

Re:   <u>Infringement of Hans Drake International's DFINE Trademark</u>

Dear Mr. Abdelgawad:

We represent Hans Drake International, Corp. ("Hans Drake") in connection with trademark enforcement matters. Hans Drake is a leader in the market of fitness enhancement products, and has spent significant resources to provide consumers with scientifically-backed, innovative and effective product formulas. Among other highly successful product lines, Hans Drake sells a thermogenic fat-burning dietary supplement under the name **DFINE8**™.

In connection with this product line, our client owns a federal trademark application (Serial No. 85/916,505) for the mark **DFINE8** (the "Mark"). Hans Drake has used the Mark in commerce since at least as early as January 31, 2007. The Mark has appeared in numerous print and online advertising campaigns, and is prominently featured on Hans Drake's website at *www.musclewerks.com*. Hans Drake has expended a significant amount of time, money and resources to develop the strong goodwill associated with its Mark. As a result, the Mark has become a well-known identifier of Hans Drake's business, a symbol of its quality, and a significant asset of its business.

We recently discovered that Intek Advanced Body Solutions ("Intek") is selling a competing thermogenic fat-burning dietary supplement under the near-identical mark **DEFINE** (the "Infringing Mark"). Furthermore, your product packaging as shown below appears willfully designed to ride the coattails of our client's brand identity, because both products regularly appear in close proximity within the same stores.

**SheppardMullin**

Mr. Baher Abdelgawad
September 17, 2013
Page 2



Intek's use of the Infringing Mark in a highly competitive manner is likely to confuse consumers and constitutes trademark infringement and unfair competition in violation of federal, state and common law, including without limitation the federal Lanham Act. See, e.g., 15 U.S.C. §§ 1114 & 1125(a).

Intek's infringement entitles Hans Drake to injunctive and monetary relief, including an accounting and surrender of any profits from the infringing conduct. See 15 U.S.C. § 1117. Furthermore, our client initially informed Intek of its infringement of the **DFINE8** mark earlier this year, thus putting Intek on notice of its infringing conduct since receipt of that initial letter dated January 22, 2013. If Intek does not voluntarily cease its use of the Infringing Mark, Hans Drake will seek enhanced damages, including treble damages, punitive damages and recovery of Hans Drake's attorneys' fees, in light of Intek's willful continuation of the infringement. Id.

Hans Drake is prepared to take all necessary steps to vigorously enforce its rights in the Mark through legal action unless Intek responds in writing within five (5) days and agrees to:

1. permanently cease any and all use of the Infringing Mark, any mark that incorporates the **DEFINE** mark, and/or any colorable imitation(s) thereof;

2. permanently cease any and all association or comparison with Hans Drake or its goods that might lead to a likelihood of consumer confusion; and

3. In relation to your sales of supplements bearing the Infringing Mark, identify the following:

    a. the manufacturing source for the goods;

# SheppardMullin

Mr. Baher Abdelgawad
September 17, 2013
Page 3

      b.    the number of units manufactured;

      c.    the number of units sold by Intek or related entities;

      d.    the retailers that carry and/or sell or sold the goods;

      e.    the dates and locations of sales of the units; and

      f.    the number of units remaining in inventory.

This letter is not intended to contain a complete statement of fact with respect to the subject matter hereof, and Hans Drake does not waive any legal or equitable rights or remedies available to it, all of which are expressly reserved.

We look forward to hearing from you promptly.

Very truly yours,

Carlo F. Van den Bosch
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:410176085.1
cc:    Gazal Pour-Moezzi, Esq.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __Audrey B. Collins__ and the assigned Magistrate Judge is __Douglas F. McCormick__.

The case number on all documents filed with the Court should read as follows:

### SACV13-01659 ABC (DFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

October 23, 2013

Date

By  Maria Barr

Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

- [x] Western Division
  312 N. Spring Street, G-8
  Los Angeles, CA 90012

- [ ] Southern Division
  411 West Fourth St., Ste 1053
  Santa Ana, CA 92701

- [ ] Eastern Division
  3470 Twelfth Street, Room 134
  Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)      NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS (Check box if you are representing yourself ☐) |
|---|---|
| HANS DRAKE INTERNATIONAL CORPORATION, a California corporation | INTEK ADVANCED BODY SOLUTIONS, a California entity; BAHER ABDELGAWAD, an individual; and DOES 1-10, inclusive |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) CARLO F. VAN DEN BOSCH, Cal. Bar No. 185207 GAZAL J. POUR-MOEZZI, Cal. Bar No. 285932 SHEPPARD MULLIN RICHTER & HAMPTON LLP 650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626 Telephone: (714) 513-5100 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify):
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement and unfair competition under California common law, unfair competition under Cal. Bus. & Prof. Code §§ 17200 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | Habeas Corpus: | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | TORTS PERSONAL PROPERTY | TORTS PERSONAL PROPERTY | ☐ 530 General | SOCIAL SECURITY |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Other: | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | FEDERAL TAX SUITS |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | LABOR | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | REAL PROPERTY | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **SACV13 - 01659 ABC (DFMx)**

CV-71 (09/13)          CIVIL COVER SHEET          Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIM. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br><br>☐ Yes ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies:<br><br>☒ 2 or more answers in Column C<br><br>☐ only 1 answer in Column C and no answers in Column D<br><br>Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➡ | C.2. Is either of the following true? If so, check the one that applies:<br><br>☐ 2 or more answers in Column D<br><br>☐ only 1 answer in Column D and no answers in Column C<br><br>Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⬇ |
|---|---|

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | SOUTHERN DIVISION |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: October 23, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com